[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10718
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00281-VMC-JSS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HILDA GAONA-CALDERON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 9, 2017)

Before ED CARNES, Chief Judge, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Hilda Gaona-Calderon appeals her conviction under 8 U.S.C. § 1326(a) and (b)(2) for illegally reentering the United States after having been deported following an aggravated felony conviction.

Gaona-Calderon is a native and citizen of Mexico who first entered the United States illegally in the early 1990s. She was deported in 1996 after a state felony conviction for delivering heroin. She reentered the United States illegally about two months after her deportation and has lived here since then. In June 2016 she was arrested for illegal reentry and indicted on a single count of illegal reentry after deportation following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). She filed a motion to dismiss the indictment on the ground that the 1996 deportation order was invalid. See 8 U.S.C. § 1326(d) (allowing aliens indicted under § 1326 to attack the validity of the underlying deportation order). The district court denied that motion on the ground that she failed to exhaust available administrative remedies to challenge the 1996 deportation order, particularly her right to appeal the order. After a bench trial, Gaona-Calderon was found guilty and sentenced to time served. This is her appeal.

An alien charged with illegal reentry after deportation following an aggravated felony conviction cannot "challenge the validity of the deportation order . . . unless the alien demonstrates that" (1) she exhausted available

administrative remedies to seek relief against the deportation order, (2) the deportation proceedings improperly deprived her of judicial review, and (3) "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). Gaona-Calderon contends that the district court erred in denying her motion to dismiss the indictment based on her failure to exhaust her administrative remedies. We review de novo the district court's ruling that Gaona-Calderon failed to satisfy § 1326(d)'s exhaustion requirement. United States v. Zelaya, 293 F.3d 1294, 1297 (11th Cir. 2002).

The record shows that Gaona-Calderon did not exhaust the administrative remedies available to her to challenge the 1996 deportation order, including her right to appeal that order. Gaona-Calderon acknowledges as much but argues that she could not exhaust her right to appeal because the immigration judge never advised her of that right and, in any event, she could not have appealed the deportation order because she was deported only two days after entry of that order. That argument fails because the deportation order shows that she waived her right to appeal. As a result, the district court did not err in ruling that Gaona-Calderon failed to exhaust her administrative remedies and denying her motion to dismiss the indictment. See id. at 1297–98 (concluding that the district court did not err in

3

dismissing indictment charging a violation of § 1326(a) and (b)(2) where alien did not exhaust administrative remedies).[1]

**AFFIRMED.**

---

[1] Because Gaona-Calderon failed to appeal her deportation, we need not address her arguments as to whether she could have exhausted other administrative remedies, such as filing a motion to reopen the deportation order.  And we need not address the other two elements under § 1326(d), as she has failed to satisfy the first element. See 8 U.S.C. § 1326(d) (providing that an alien must prove all three elements to attack the validity of a deportation order).